UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ROBERT MAYNARD HORTON,     )
    )
         Plaintiff,    )    Case No. 1:06-cv-370
    )
v.    )    Honorable Robert Holmes Bell
    )
WAYNE M. GROAT, et al.,    )
    )
         Defendants.    )
_____)

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis* and ordered Plaintiff to pay the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

**Discussion**

I.      Factual Allegations

Plaintiff is incarcerated at the St. Louis Correctional Facility.  In 2001, he pleaded guilty to second-degree home invasion, MICH. COMP. LAWS § 750.110a(3), in the Wayne County Circuit Court.  In October 2001, that court sentenced him to one to fifteen years incarceration.[1]  On August 18, 2005, Plaintiff was released on parole.[2]  (*See* 9/12/05 Parole Violation Report Prisoner Copy, 1, docket #1).  That day, he was dropped off at the parole office and immediately absconded, failing to report to his parole agent as required.  (*Id*. at 1-2; 11/7/05 Parole Board Notice of Action, 1-3, docket #1).  Plaintiff admitted he absconded because of a drug habit.  (*Id*. at 2; 11/7/05 Parole Board Notice of Action, 2-3, docket #1).  On September 3, 2005, Plaintiff was arrested as a parole absconder after police found him in a car with another convicted felon and a silver lighter in the shape of a gun in his possession.  (*See* 9/12/05 Parole Violation Report Prisoner Copy, 2-3, docket #1).

At an October 2005 parole revocation hearing, Plaintiff pleaded guilty to failing to report to his parole agent, possessing an imitation gun, and violating curfew.  The hearing was thus designated as mitigation-only.  (*See* 11/7/05 Parole Bd. Notice of Action, 2, docket #1).  After the October 2005 hearing, the parole board revoked Plaintiff's parole for a 60-month term, to be reconsidered in September 2010.  (*Id*. at 1).

---

[1]Plaintiff's conviction and sentencing information is not contained in his complaint, but was retrieved from the Michigan Department of Corrections Offender Tracking Information System.

[2]Plaintiff had been previously released on parole in August 2003, but that parole ended in June 2004 due to Plaintiff's failure to report, changing of his placement, and violation of curfew.  (*See* 11/7/05 Parole Board Notice of Action, 3, docket #1).  Plaintiff also experienced a problem with drugs while out on parole in 2003.  (*Id*.)

In his *pro se* complaint, Plaintiff sues the Michigan Parole Board, Parole Board Chairman John Rubitschun, Parole Board Hearings Examiner Wayne M. Groat, and Parole Board member (unknown) Barren.  Plaintiff alleges that Defendants revoked his parole in violation of his Fourteenth Amendment due process rights by: (a) voting on his revocation prior to an interview, contrary to MICH. COMP. LAWS § 791.235(5), and (b) relying upon erroneous information in their deliberations.

For relief, Plaintiff requests a declaratory judgment that Defendants' acts violated Plaintiff's constitutional rights, an injunction prohibiting Defendants from violating MICH. COMP. LAWS § 791.235(5) in future parole interviews, and an injunction prohibiting Defendants from relying on the false assertion that Plaintiff used his gun-shaped lighter for anything other than its "purchased purpose."  (Pl. Compl. at 3).

II.     The October 2005 Hearing and Subsequent Parole Revocation Did Not Violate Plaintiff's Due Process Rights

While there is no liberty interest in being released on parole generally, inmates are entitled to a certain modicum of process when their parole is revoked.  *Morrissey v. Brewer*, 408 U.S. 471 (1972) (holding, in habeas corpus case, that some process is due prior to revocation of parole).  Prisoners may challenge the process of parole revocation proceedings, but not the result of those proceedings, under § 1983.  *See Spencer v. Kemna*, 523 U.S. 1, 17 (1998); *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *French v. Adams County Det. Ctr.*, 379 F.3d 1158, 1160 (10th Cir. 2004); *Yinger v. Mich. Dep't of Corr.,* No. 05-cv-73529-DT, 2005 U.S. Dist. LEXIS 35823, at *2 (E.D. Mich. Nov. 30, 2005).  The minimal due process requirements at a revocation hearing include:

(a) written notice of the claimed violation of parole; (b) disclosure to the parolee of the evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine

- 3 -

adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached hearing body' such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole.

*Morrissey,* 408 U.S. at 489.  The second stage of parole revocation should not, however, be equated with a full criminal prosecution.  *Id.*  The due process requirements for a revocation hearing defined in *Morrissey* are codified in MICH. COMP. LAWS § 791.240a.  Consistent with *Morrissey*, Michigan law additionally confers upon an accused parolee the right to present relevant evidence in mitigation of the charges against him, including testimony, documentary evidence, and the confrontation and cross-examination of adverse witnesses.  MICH. COMP. LAWS § 791.240a(2)(b)-(d).

It is clear from the documents Plaintiff attached to his complaint that he received the due process required under *Morrissey* at his October 2005 parole revocation hearing.  Plaintiff received written notice of the claimed parole violations and disclosure of the evidence against him (*see* 9/12/05 Parole Violation Report Prisoner Copy, 1-2, docket #1), a neutral and detached hearing body (*see* 11/7/05 Parole Bd. Notice of Action, 1, docket #1), and a written statement by the board regarding the evidence relied upon and the reasons for revoking parole (*Id*. at 1-3).  Significantly, Plaintiff had the benefit of counsel at the hearing.  (*Id*. at 2-3).  Plaintiff pleaded guilty to failing to report, possessing an imitation gun, and violating curfew.  (*Id*. at 1).  In so doing, Plaintiff transformed his revocation hearing into a mitigation hearing.  (*Id*. at 2).  At the hearing, Plaintiff admitted that he had failed to report to his agent due to a drug habit, used drugs while at large, and did in fact have a lighter shaped like a gun in his possession on September 3, 2005, although, according to Plaintiff, "anyone could tell it was not a gun."  (*Id.*)  The parole board found that his admission of guilt on three counts provided a sufficient factual basis to find by a preponderance of

the evidence that Plaintiff violated parole.  *(Id.)*  In light of these facts, Plaintiff received due process at the October 2005 hearing and therefore fails to state a violation of his rights under the Due Process Clause.

Plaintiff's allegation that Defendants relied on erroneous information to revoke his parole also fails to state a claim.  First, the parole board did not rely on any false information in revoking his parole.   Plaintiff was charged with possessing an imitation gun.  He admitted at the revocation hearing that he was in possession of a cigarette lighter shaped like a gun.  (*Id.*)

Even if the parole board had relied on false information, Plaintiff's claim does not present any constitutional violation.  *See Pukyrys v. Olson*, No. 95-1778, 1996 WL 636140, at *1 (6th Cir. Oct. 30, 1996) (no constitutional violation by having false information placed in a prison file); *Carson v. Little*, No. 88-1505, 1989 WL 40171, at *1 (6th Cir. Apr. 18, 1989) (inaccurate information in an inmate's file does not amount to a constitutional violation).  Because Plaintiff has no liberty interest in being paroled, Plaintiff cannot show that the false information was relied upon to a constitutionally-significant degree.  *See Maiden v. Johnson*, No. 98-1479, 1999 WL 507207, at *1 (6th Cir. June 10, 1999); *Draughn v. Green*, No. 97-1263, 1999 WL 164915, at *2 (6th Cir. Mar. 12, 1999); *Perotti v. Marshall*, No. 85-3776, 1986 WL 16695, at *1 (6th Cir. Mar. 14, 1986).  Therefore, Plaintiff fails to state a claim for a violation of his due process rights.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action fails to state a claim and will therefore be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

- 5 -

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal.  Should Plaintiff appeal this decision, the Court will assess the $455 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).  If he is barred, he will be required to pay the $455 appellate filing fee in one lump sum.

This dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Date:         June 23, 2006               /s/ Robert Holmes Bell
                                          ROBERT HOLMES BELL
                                          CHIEF UNITED STATES DISTRICT  JUDGE